**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

DANIEL ALLAN LEWIS,

      Plaintiff,

      v.

SHERIFF LYNN DAVIS, and JUDGE
RENEE DANIELS,

      Defendants.

CIVIL ACTION NO.: 5:25-cv-67

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  Upon

frivolity screening, I recommended dismissal of Plaintiff's claims for injunctive relief.  Doc. 9.  I

further recommended the Court impose a stay on Plaintiff's claims for monetary relief per the

Younger abstention doctrine.  Doc. 9.  Plaintiff demonstrated in his Complaint that he was

subject to ongoing criminal proceedings at the time he filed the Complaint.  I ordered Plaintiff to

provide an update on the status of his criminal proceedings.  Id.

Plaintiff timely filed a response to my directive, stating that his criminal proceedings

have concluded.  Doc. 10.  I, therefore, **VACATE in part** the portion of my Report and

Recommendation that the Court stay Plaintiff's monetary damages claims.  The Court now

conducts its frivolity screening of Plaintiff's monetary damages claims under 28 U.S.C. §1915A.

For the reasons stated below, I **RECOMMEND** the Court **DISMISS without prejudice**

Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's

claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter

the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

<h2 style="text-align:center">PLAINTIFF'S CLAIMS[1]</h2>

Plaintiff alleges that he was arrested on January 10, 2024.  Doc. 1 at 5.  Plaintiff alleges he was not seen by a magistrate judge until January 24, 2024.  Id.  Plaintiff alleges that he made a speedy trial request in July 2024 with no result.  Id.  Plaintiff claims Defendants violated his due process rights under the Fourteenth Amendment.  Id.  Plaintiff requests that his criminal case be dismissed and that he be compensated for false imprisonment.  Id. at 6.

<h2 style="text-align:center">STANDARD OF REVIEW</h2>

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim

---

[1]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

**I.      Plaintiff's Claim for Monetary Damages**

### A.      Plaintiff's Claim Is Barred

Plaintiff alleges that Defendants denied his right to a speedy trial.  However, "[t]he sole remedy for a violation of the speedy trial right [is] dismissal of the charges." Betterman v. Montana, 578 U.S. 437, 444 (2016) (citing Strunk v. United States, 412 U.S. 434, 440 (1973)).  As such, the law does not provide the remedy he seeks.  Further, Plaintiff states in his response that he has been convicted and sentenced.  Doc. 10.  Because a successful speedy trial challenge would result in dismissal of his criminal case, Plaintiff's claim necessarily implies that his conviction is unlawful.  In order to bring a § 1983 action for damages that "challenge[s] the validity of [an] outstanding criminal judgment[,]" a plaintiff must first "prove the unlawfulness of his confinement or conviction."  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  To show an unlawful conviction or confinement, the plaintiff must demonstrate "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ."  Id. at 486–87.  If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," and the sentence has not

3

already been invalidated, the court must dismiss the complaint.  Id. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").  Conversely, "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred."  Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007).  If Plaintiff's speedy trial rights were violated, his only recourse would be to appeal his conviction.  Therefore, his claims are also Heck-barred.

### B.      Plaintiff Fails to State a Claim Against Defendant Davis

Plaintiff names as Defendants Brantley County Sheriff Lynn Davis and Magistrate Judge Renee Daniels.  Doc. 1 at 4.  Plaintiff does not allege any personal involvement on Sheriff Davis's part in his Complaint.  Section 1983 liability requires personal participation in allegedly unconstitutional conduct.  A supervisory official is only liable if the plaintiff can allege a "causal connection" between the official's actions and the deprivation.  Weaver v. Mobile County, 228 F. App'x 883, 886 (11th Cir. 2007) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  As a result, a "[s]heriff can have no respondeat superior liability for a section 1983 claim."  Id. (quoting Marsh v. Butler County, 268 F.3d 1014, 1035 (11th Cir. 2001)).  Because Plaintiff does not make any direct factual allegations about Sheriff Davis, he has not stated a claim for relief against this Defendant.

### C.      Judge Daniels Is Immune From Suit

Plaintiff alleges his speedy trial claim in part against Brantley County Magistrate Judge Renee Daniels.  This claim fails because judges enjoy absolute immunity from § 1983 suits for "acts committed within their judicial jurisdiction."  Imbler v. Pachtman, 424 U.S. 409, 420, 418 (1976).

> Absolute judicial immunity applies even when the judge's acts are in error,
> malicious, or were in excess of his or her jurisdiction . . . .  Whether a judge's

4

> actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (citations and quotations omitted). Presiding over bond proceedings are normal judicial functions in a case pending before a judge. Therefore, Plaintiff's claim against Defendant Daniels fails.

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

5

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons stated above, I **VACATE in part** the portion of my Report and Recommendation for the Court to impose a stay on Plaintiff's monetary damages claims. I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of February, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA